669 A.2d 1017

**Joann M. ROBOSKI,**

v.

**Lloyd FINK, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 25, 1995.

Filed Jan. 12, 1996.

John H. Pavlock, Port Allegeny, for appellant.

Erik A. Ross, Assistant District Attorney, Mt. Jewett, for appellee.

Before DEL SOLE, FORD ELLIOTT and OLSZEWSKI, JJ.

DEL SOLE, Judge:

This is an appeal from an Order requiring that Appellant undergo genetic blood testing to determine paternity.[1]  Appellant argues the trial court erred in requiring that he undergo the testing because Appellee failed to overcome the presumption the child in question was a child of the marriage between Appellee and her former husband, and that he should not be compelled to take the test because he had already undergone an HLA blood test for the same purpose.  We disagree.  We have reviewed the record and are satisfied that the trial court correctly determined that the presumption was rebutted and this test would be allowed.

Appellant also claims that the action is barred by the doctrine of Laches because Appellee did not institute the paternity suit until four years after the child's birth.  We disagree.  The doctrine of Laches is an equitable doctrine, while support is an obligation at law.  Therefore Laches as a defense is not available in paternity actions.  Rather, 23 Pa.C.S.A. § 4343 is controlling.  This section applies in cases, such as the one before us, where the child is born during a marriage but paternity is in dispute.  If it is established that the child is not a child of the marriage, then it meets the

---

1.  An Order directing that a party undergo blood testing for the purpose of determining paternity is interlocutory, but under *Jones v. Trojak*, 535 Pa. 95, 634 A.2d 201 (1993) it is appealable.

§ 4343(a) definition "of a child born out of wedlock," and § 4343(b)—Limitation of actions, applies.

Order affirmed.