IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Stephanie Mack, as Administratrix of the Estate of Decedent, Martin Mack, Individually and on behalf of a Class of Similarly Situated Individuals, Petitioner     : : : : : : : | |
| v.     : : : | |
| Pennsylvania State Police, and Inservco Insurance Services, Inc., Respondents     : : : : | |
| v.     : : : | |
| Charles Kannebecker, Esquire and Law Offices of Charles Kannebecker,     : : | No. 9 M.D. 2021 |
| Additional Respondents     : | Submitted: June 23, 2022 |

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                       FILED:  July 28, 2022

           Before the Court are: (1) Martin Mack's (Mack)[1], individually and on behalf of a class of similarly situated individuals (Petitioner), Preliminary Objections to Inservco Insurance Services, Inc.'s (Inservco) Preliminary Objections to Petitioner's First Amended Class Action Complaint (Amended Complaint); (2)

---

           [1] On May 18, 2022, a Praecipe for Substitution Pursuant to Pennsylvania Rule of Civil Procedure 2352 was filed by Stephanie Mack, as the surviving spouse of Decedent, Martin Mack, and as Administratrix of the Estate of Decedent, Martin Mack. The caption in this matter has been changed to reflect this substitution.

Petitioner's Preliminary Objections to the Pennsylvania State Police's (PSP) Preliminary Objections to Petitioner's Amended Complaint; (3) Charles Kannebecker, Esquire's (Kannebecker), and Law Offices of Charles Kannebecker's (Law Offices) (collectively, Additional Respondents) Preliminary Objections to Inservco's Joinder Complaint; and (4) Inservco's Motion to Disqualify Additional Respondents as Counsel for Petitioner (Motion to Disqualify).

On November 30, 2018, Petitioner was acting in the course and scope of his employment as a PSP trooper when he was involved in a motor vehicle accident. Specifically, a vehicle struck Petitioner's police vehicle. Petitioner sustained serious bodily injury caused solely by the underlying tortfeasor's alleged negligence and carelessness. Thereafter, Petitioner filed a civil action against the tortfeasor in Common Pleas Court,[2] seeking recovery of damages in connection with the serious bodily injuries he sustained in the November 30, 2018 motor vehicle accident. Petitioner settled the tort action against the underlying tortfeasor.

Following the November 30, 2018 motor vehicle accident, Petitioner also filed a claim against PSP seeking benefits pursuant to what is commonly referred to as the Heart and Lung (H&L) Act (H&L Act)[3] for the injuries he sustained in the accident. Inservco and PSP (collectively, Respondents) issued a Notice of Compensation Payable acknowledging their obligation to pay H&L benefits to Petitioner and thereafter paid Petitioner H&L benefits.

By March 19, 2020 letter (Letter), Respondents' counsel, Diane Lee Newman, Esquire (Attorney Newman), asserted a lien for the H&L benefits paid to Petitioner. The Letter provided:

> As you are aware, I represent [PSP], and its third-party administrator, [Inservco], in connection with the above-

---

[2] The county in which the action was filed does not appear in the pleadings.
[3] Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. §§ 637-638.

captioned matter. Please mark your file accordingly and direct all future correspondence to my attention.

You previously advised me that you are handling [Petitioner's] third-party action in connection with his November 30, 2018[] work injury. As you know, pursuant to Section 319 of the Pennsylvania Workers' Compensation Act[4] [(WC Act)], . . . [PSP] maintains a subrogation lien against any settlements and/or verdicts obtained by [Petitioner] in his third-party action. Please be advised that, as of today, March 19, 2020, [PSP's] total subrogation lien is $12,633.48 in connection with [Petitioner's] work[-]injury claim.

Amended Complaint Ex. A. "[Petitioner], based on [Respondents'] demands, thereafter made payment of $20,826.58 to [Inservco], for the benefit of [PSP], on the basis of the assertion of the lien [for] [H&L] benefits paid." Amended Complaint ¶ 28.

On January 15, 2021, Petitioner filed a Petition for Review in the nature of a Class Action Complaint against PSP in this Court's original jurisdiction. On March 2, 2021, Petitioner and PSP filed a stipulation, wherein PSP consented to Petitioner filing the Amended Complaint to include Inservco as a respondent. On March 8, 2021, Petitioner filed the Amended Complaint, seeking *inter alia*,

that the Court enter an Order:

(a) [d]etermining that this action is a proper class action, certifying the named [Petitioner] as class representative[] for the classes alleged herein and [Petitioner's] counsel as Class Counsel;

(b) declaring that [Respondents] may not assert a lien[,] subrogation right and/or reimbursement demand against the proceeds of any personal injury recovery for any [H&L benefits] paid . . . for injuries sustained in motor vehicle accidents and other injury-causing incidents in the course and scope of employment[;]

---

[4] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 671.

(c) declaring that [Petitioner] and members of the putative class are entitled to reimbursement for all monies paid to [Respondents] following the assertion of the lien, subrogation right and/or reimbursement demand against the proceeds of any personal injury recovery for any [H&L] benefits paid . . . for injuries sustained in motor vehicle accidents and other injury-causing incidents in the course and scope of employment.

Amended Complaint at 20.[5]  In addition, Petitioner seeks a Court order "requiring [Respondents] (and/or prior third[-]party administrators) to reimburse [Petitioner] and members of the putative class, of all monies obtained through the illegally [sic] and unlawful assertion of the lien, subrogation right and/or reimbursement demand for [H&L b]enefits paid[,]" Amended Complaint at 24; attorney's fees and costs; restitution; actual, punitive, and treble damages; and pre- and post-judgment interest.

On April 7, 2021, PSP filed Preliminary Objections to the Amended Complaint.  On April 8, 2021, Inservco filed Preliminary Objections to the Amended Complaint.  Also on April 8, 2021, Inservco filed the Joinder Complaint against the Additional Respondents.  On April 18, 2021, Inservco filed its Motion to Disqualify. On April 28, 2021, Petitioner filed Preliminary Objections to Inservco's Preliminary Objections to the Amended Complaint.  On May 7, 2021, Petitioner filed Preliminary Objections to PSP's Preliminary Objections to the Amended Complaint. Also on May 7, 2021, Additional Respondents filed Preliminary Objections to the Joinder Complaint.  By June 25, 2021 Order, this Court issued a briefing schedule. On November 9, 2021, this Court listed for oral argument: Petitioner's Preliminary Objections to Inservco's Preliminary Objections to the Amended Complaint; Petitioner's Preliminary Objections to PSP's Preliminary Objections to the Amended Complaint; Additional Respondents' Preliminary Objections to Inservco's

---

[5] Because the Amended Complaint's pages are not numbered, the page numbers referenced in the Opinion reflect electronic pagination.

Joinder Complaint; and Inservco's Motion to Disqualify.[6]  The above-stated Preliminary Objections and Motion to Disqualify are now ripe for disposition.

> In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the [complaint], as well as all inferences reasonably deduced therefrom.  The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion.  In order to sustain preliminary objections, *it must appear with certainty that the law will not permit recovery*, and any doubt should be resolved by a refusal to sustain them.
>
> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the complaint and all inferences reasonably deducible therefrom.  It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted.  *When ruling on a demurrer*, *a court must confine its analysis to the complaint*.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (emphasis added; citations omitted).  "'[C]ourts reviewing preliminary objections may not only consider the facts pled in the complaint, but also any documents or exhibits attached to it.' *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014)." *Foxe v. Pa. Dep't of Corr.*, 214 A.3d 308, 311 n.1 (Pa. Cmwlth. 2019).

## I.  Petitioner's Preliminary Objections to Inservco's Preliminary Objections to the Amended Complaint[7]

Petitioner objects to Inservco's Preliminary Objections, asserting: (1) Inservco failed to conform to law, or rule of court, by asserting facts not of record

---

[6] By June 2, 2022 Order, this Court denied Petitioner's Application for Continuance of Oral Argument, and directed that this matter be decided on the briefs previously filed.

[7] Petitioner has requested that this Court dispose of Petitioner's Preliminary Objections to Inservco's and PSP's Preliminary Objections before requiring Petitioner to respond to Inservco's and PSP's Preliminary Objections to the Amended Complaint.  This Court hereby grants Petitioner's request.

and not providing a verification thereto, as required by Pennsylvania Rule of Civil Procedure (Rule) 1024; and (2) Inservco's second and seventh Preliminary Objections constitute speaking demurrers. Inservco rejoins: (1) Inservco did not make allegations of fact not of record in the pleading, and no verification was required under Rule 1024; and (2) Inservco's second and seventh Preliminary Objections do not constitute speaking demurrers.

**Verification**

Rule 1024 provides, in relevant part:

> (a) Every pleading containing an averment of fact not appearing of record in the action . . . shall state that the averment . . . is true upon the signer's personal knowledge or information and belief and shall be verified. The signer need not aver the source of the information or expectation of ability to prove the averment . . . at the trial. A pleading may be verified upon personal knowledge as to a part and upon information and belief as to the remainder.
>
> . . . .
>
> (c) The verification shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading. In such cases, the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of the person's information as to matters not stated upon his or her own knowledge and the reason why the verification is not made by a party.

Pa.R.Civ.P. 1024.

Petitioner first argues that in a footnote to paragraph two of Inservco's Preliminary Objections, Inservco averred: "[Petitioner] paid $8,191.84 in reimbursement of the $20,826.58 lien asserted by counsel for PSP in the [w]orker[s']

6

[c]ompensation matter. [Petitioner] waived any and all objections to payments his same attorney voluntarily made as subrogation for monies paid to him pursuant to the [WC] Act[.]" Inservco Prelim. Objs. ¶ 2 n.1. Petitioner maintains that Inservco's non-record allegation required it to provide a verification and, because Inservco did not provide one, the averment should be stricken.

Inservco rejoins that this averment is consistent with paragraph 28 of the Amended Complaint, which provides: "[Petitioner], based on [Respondents'] demands, thereafter made payment of $20,826.58 to [Inservco], for the benefit of [PSP], on the basis of the assertion of the lien of [H&L] benefits paid." Amended Complaint ¶ 28. Inservco further contends that its *waiver* averment is "the substantive issue in question and [thus, it] do[es] not view [] preliminary objections that dispute [Petitioner's] position as relying upon information not contained in the [Amended Complaint]." *Chambers Dev. Co., Inc. v. Dep't of Env't Res.*, 532 A.2d 928, 929 (Pa. Cmwlth. 1987). This Court disagrees with both assertions.

Inservco's averment that Petitioner paid Inservco $8,191.84 is completely contrary to Petitioner's averment that he paid Inservco $20,826.28. Further, the substantive issue is not whether Petitioner voluntarily paid monies to Inservco but, rather, whether Respondents improperly, illegally, and unlawfully demanded said payment. Under the circumstances, a verification was required to support Inservco's averment and, because it was not provided,[8] Petitioner's Preliminary Objection thereto is sustained and the footnote to paragraph two of Inservco's Preliminary Objections is stricken.

---

[8] Although Inservco could have asked this Court for leave to file amended preliminary objections containing a verification, *see, e.g.*, *Allentown Sch. Dist. v. Dep't of Educ.*, 782 A.2d 635 (Pa. Cmwlth. 2001), it did not do so.

7

Petitioner further contends that a verification was required because averments 20, 27, and 64 of Inservco's Preliminary Objections also contain facts outside the record. The specific averments provide:

> 20. **Inservco did not issue or direct the March 19**, **2020 [L]etter purporting to assert a subrogation lien**. Rather, [Petitioner's] own [] Amended Complaint identifies the author as [Attorney Newman], **an attorney with offices separate and apart from PSP and Inservco**. *See* [Amended Complaint, Ex. A] ¶¶ 26 and 27.
>
> . . . .
>
> 27. Here, [Petitioner] again failed to demonstrate any direct, substantial[,] and present interest or controversy on its part against **Inservco**, wh[ich] **had nothing to do with making the decision on coverage or subrogation. Inservco was not the insurer**, **issuer**[,] **or the underwriter of the policy**. Thus, there is no actual controversy with respect to Inservco. "The events which might bring these parties into actual conflict are thus too remote to justify our resolution of this dispute by declaratory judgment." *S*[.] *Whitehall T*[*wp. v. Dep't of Transp.*], . . . 475 A.2d [166,] 169 [(Pa. Cmwlth. 1984)].
>
> . . . .
>
> 64. [Petitioner] again cites to only a March 19, 2020 [L]etter from an attorney, not Inservco and **not at the direction of Inservco**, as the basis for his claims. [*See* Amended Complaint] ¶ 26.

Inservco Prelim. Objs. ¶¶ 20, 27, 64 (emphasis added).

Inservco rejoins that its allegations in paragraphs 20 and 64 of its Preliminary Objections do not rely upon facts outside of the record. Specifically, Inservco asserts that paragraphs 20 and 64 are based upon the of-record March 19, 2020 Letter attached as Exhibit A to Petitioner's Amended Complaint, upon which Petitioner relies. Inservco proclaims that the Amended Complaint acknowledges that the Letter was sent by third-party Attorney Newman, not Inservco. *See*

8

Amended Complaint ¶ 118.  Inservco maintains that the Amended Complaint thus attributes the statements made in the Letter to third-party Attorney Newman, not Inservco, which made no statements and certainly none of a fraudulent nature.

Inservco further retorts that paragraph 27 of its Preliminary Objections also did not allege facts not previously of record.  *See* Amended Complaint ¶ 13.  Inservco claims that Petitioner acknowledged in the Amended Complaint that Inservco was only the third-party claims administrator for PSP; thus based on the facts pled, Inservco was not an insurer, not PSP, and not the third-party lawyer who issued the Letter, and Inservco does not make coverage or subrogation decisions.  *See* Amended Complaint ¶ 11.  This Court disagrees.

Paragraphs 11, 13, and 118 of the Amended Complaint provide:

11. **At all times material hereto** . . . **Inservco** . . . **acted as the authorized agent**, **servant**, **workman or employee of** [**PSP**] **handling and adjusting claims of**, *inter alia*, [**PSP**] employees injured in motor vehicle accidents and other injury-causing incidents while in the course and scope of their employment.

. . . .

13. Further . . . Inservco . . . is a business entity authorized to[,] and conducting business in the Commonwealth of Pennsylvania [(Pennsylvania)], and regularly conducts business in Pennsylvania generally and in Pike County specifically.  In that regard. . . . **Inservco** . . . **undertakes subrogation actions against** the following who are injured in the performance of their duties:

• **Pennsylvania State Troopers**;

• Any policeman of any county;

• Any policeman of any city;

• Any policeman of any borough;

• Any policeman of any town or township;

9

• Any sheriff or deputy sheriff; and

• Officers of the Pennsylvania Liquor Control Board.

. . . **Inservco** . . . **has already regularly done so**, **and continues to regularly do so**, **to assert subrogation liens** against these injured law enforcement officers who received [w]orkers['] [c]ompensation or [H&L] benefits, which regularly included officers in Pike County.

. . . .

118. By way of example of [Respondents'] actions and not in limitation, by [L]etter dated March 19, 2020, . . . [**Attorney**] **Newman**, **counsel for** [**Respondents**] wrote to counsel for [Petitioner] asserting a lien for the monies paid to [Petitioner] pursuant to the [H&L] Act. A true and correct copy of the March 19, 2020[] [L]etter[,] is attached hereto and marked Exhibit "A".

Amended Complaint ¶¶ 11, 13, 118 (emphasis added).

Inservco's averments in its Preliminary Objection paragraphs 20, 27, and 64 are contrary to the allegations in Amended Complaint paragraphs 11, 13, and 118, as such they are "fact[s] not appearing of record." Pa.R.Civ.P. 1024. Accordingly, verification of those facts was required. Because no verification was included, Petitioner's Preliminary Objection on that basis is sustained, and paragraphs 20, 27, and 64 of Inservco's Preliminary Objections are stricken.

**Speaking Demurrers**

Inservco's second and seventh "[P]reliminary [O]bjections are in the nature of demurrers, and the attempt to introduce evidence in support of either such objection would render it an impermissible 'speaking demurrer.'" *Pa. Indep. Oil & Gas Ass'n v. Pa. One Call Sys., Inc.*, 245 A.3d 362, 366 (Pa. Cmwlth. 2021) (quoting *Minor v. Kraynak*, 155 A.3d 114, 124 (Pa. Cmwlth. 2017)).

This Court has explained:

> [A] court cannot consider matters collateral to the complaint, but must limit itself to such matters as appear therein, and an effort to supply facts missing from the objectionable pleading makes the preliminary objection in the nature of a demurrer an impermissible "speaking demurrer." *Stilp v. Commonwealth*, 910 A.2d 775[, 791] (Pa. Cmwlth. 2006); *see also Regal Indus*[.] *Corp*[.] *v. Crum & Forster, Inc.*, 890 A.2d 395, 398 (Pa. Super. 2005) (defining a speaking demurrer as one which requires the aid of a fact not appearing on the face of the pleading being objected to and noting that a speaking demurrer cannot be considered in sustaining preliminary objections).

*Mobley v. Coleman*, 65 A.3d 1048, 1053 (Pa. Cmwlth. 2013).

Petitioner argues that Inservco's Preliminary Objection to Amended Complaint Count I, i.e., Objection to Declaratory Judgment and Motion to Strike Count I, must be stricken as an improper speaking demurrer. Petitioner contends that the essence of Inservco's demurrer to Count I is that a declaratory judgment cannot be entered because there is no case or controversy between Petitioner and Inservco. In support of that demurrer, Inservco pleads: Inservco did not issue or direct the March 19, 2020 Letter asserting a subrogation lien; Attorney Newman was not acting at Inservco's direction; and Inservco had nothing to do with the decision to pursue subrogation. *See* Inservco Prelim. Objs. ¶¶ 20, 23, 24, 27. Petitioner asserts that, to grant Inservco's Preliminary Objection to Count I, this Court would have to assume and rely upon the existence of the aforementioned facts which are not pled in the Amended Complaint.

Moreover, Petitioner claims that the aforementioned facts expressly contradict the following facts pled in the Amended Complaint: Inservco was the agent and acted on behalf of PSP; Attorney Newman was counsel for both PSP and Inservco; Attorney Newman acted on behalf of PSP and Inservco; Attorney Newman

11

asserted a subrogation lien on behalf of PSP and Inservco; and Inservco retained a portion of the money Inservco collected from Petitioner. *See* Amended Complaint ¶¶ 11, 13, 29, and 118. Petitioner declares that, because sustaining Inservco's second Preliminary Objection requires this Court to assume the existence of a fact not already pleaded, Inservco's second Preliminary Objection constitutes a speaking demurrer and must be stricken.

Inservco rejoins that Petitioner's Preliminary Objections to Inservco's second Preliminary Objection to Declaratory Judgment and Motion to Strike Count I should be overruled. Inservco asserts that its Preliminary Objection alleges that Inservco did not issue nor direct the March 19, 2020 Letter purporting to assert a subrogation lien, Inservco is not the insurer or underwriter, and does not make coverage or subrogation decisions, and there is no actual controversy involving Inservco as is required to state a valid declaratory judgment claim. Inservco declares that its allegations do not require the aid of a fact not appearing on the face of the pleading, but rather rely upon the Amended Complaint's factual allegations. This Court disagrees.

Inservco specifically contends that Petitioner's allegations regarding any relationship between Inservco and Attorney Newman were made without knowledge and without pleading sufficient supporting facts, and are merely speculation, conclusions, argument, and unwarranted inferences from the facts that this Court need not accept as true and, thus, do not conflict with Inservco's allegations. However, the Letter clearly supports Petitioner's allegations regarding a relationship between Inservco and Attorney Newman. *See* Amended Complaint Ex. 2. Attorney Newman began the Letter stating that she represents PSP **and Inservco**, and thereafter notified Petitioner of the subrogation lien on behalf of PSP.

As Inservco is PSP's third-party administrator, and Attorney Newman represented PSP and Inservco, it is reasonable to infer that Inservco makes coverage

12

and/or subrogation decisions, it directed the issuance of the March 19, 2020 Letter purporting to assert a subrogation lien, and there is an actual controversy involving Inservco as is necessary to state a valid declaratory judgment claim. *See Pa. State Police v. Workers' Comp. Appeal Bd. (Bushta)*, 184 A.3d 958 (Pa. 2018) (because PSP is self-insured, Inservco, its third-party administrator, paid its workers' compensation benefits); *see also Risius v. Workers' Comp. Appeal Bd. (Penn State Univ.)*, 922 A.2d 72, 75 (Pa. Cmwlth. 2007) ("[A]s stated in *Brown v. Travelers Ins*[.] *Co*[.], . . . 254 A.2d 27 ([Pa.] 1969), although Section 319 of the [WC] Act does not include the term insurance carrier, if an employer has an insurance carrier, such carrier would have subrogation rights."); *Dep't of Transp., Bureau of Driver Licensing v. Yandrich*, 529 A.2d 1210, 1211-12 (Pa. Cmwlth. 1987) ("As the agent of his client, of course, acts or statements made by an attorney, in the course of employment and within the scope of the attorney's authority, are binding on the client.").

Because in its second Preliminary Objection, Inservco alleges that it did not issue nor direct the March 19, 2020 Letter purporting to assert a subrogation lien; is not the insurer, or underwriter, and does not make coverage or subrogation decisions; there is no actual controversy with respect to Inservco as is necessary to state a valid declaratory judgment claim; and these allegations contradict factual allegations in the Amended Complaint, thereby requiring the aid of a fact not appearing on the face of the pleading, "[Inservco's second Preliminary Objection is] an impermissible 'speaking demurrer.'" *Pa. Indep. Oil & Gas Ass'n*, 245 A.3d at 399 (quoting *Minor*, 155 A.3d at 124). Accordingly, Petitioner's Preliminary Objection to Inservco's second Preliminary Objection is sustained, and Inservco's second Preliminary Objection is stricken.

Petitioner further argues that Inservco's seventh Preliminary Objection, i.e., Objection and Motion to Strike Count VI and Bar Claims of Fraudulent

13

Misrepresentation and/or Fraudulent Concealment, must be stricken as an improper speaking demurrer. Petitioner contends that the essence of Inservco's demurrer to Amended Complaint Count VI is that Inservco did not make any representation to Petitioner, let alone "any misrepresentations." Inservco Prelim. Objs. ¶ 63; *see also* Inservco Prelim. Objs. ¶ 64 (Petitioner "cites to only [the] March 19, 2020 [L]etter from [] [A]ttorney [Newman], not Inservco."). Petitioner asserts that, to sustain Inservco's seventh Preliminary Objection, this Court would have to assume the truth of that fact, which does not appear anywhere in the Amended Complaint and is expressly contradicted by the Amended Complaint's other averments.

Inservco rejoins that because its averments do not require the aid of a fact not appearing on the face of the Amended Complaint, and to the extent Inservco's seventh Preliminary Objection also contains "legal conclusions and opinions" which do not "attempt to interpolate facts not of record into the record[,]" they are not speaking demurrers. *Buehl v. Horn*, 728 A.2d 973, 976 (Pa. Cmwlth. 1999). This Court agrees.

In its seventh Preliminary Objection, Inservco expressly averred:

63. [Petitioner], however, fails to state with specificity the particularities regarding any misrepresentations allegedly made by Inservco and fails to state with specificity as to how, or in what manner, the alleged misrepresentations of Inservco were fraudulent.

64. [Petitioner] again cites to only a March 19, 2020 [L]etter from an attorney, not Inservco and not at the direction of Inservco, as the basis for his claims. [Amended Complaint] ¶ 26.

Inservco Prelim. Objs. ¶¶ 63-64 (footnote omitted). If Inservco can show with certainty that Petitioner cannot establish the elements of misrepresentation, this Court can grant Inservco's Preliminary Objection to Count VI, whether or not this Court assumes and/or relies upon the existence of the aforementioned facts which

14

do not appear in the Amended Complaint.  Because these averments do not require the aid of a fact not appearing on the face of the Amended Complaint, and are merely legal conclusions and opinions, they are not speaking demurrers.  *See Mobley*; *Buehl*. Accordingly, Petitioner's Preliminary Objection to Inservco's seventh Preliminary Objection is overruled.

**II.  Petitioner's Preliminary Objections to PSP's Preliminary Objections to the Amended Complaint**

Petitioner objects to PSP's Preliminary Objections, asserting: (1) PSP failed to conform to law, or rule of court, by raising issues of fact with respect to the class action allegations in violation of Rule 1705; (2) PSP's Preliminary Objections include scandalous or impertinent matter; (3) PSP failed to conform to law, or rule of court, by asserting facts not of record and by not providing a verification thereto as required by Rule 1024; (4) legal insufficiency (demurrer) as to PSP's ninth Preliminary Objection based on the doctrine of laches; and (5) PSP's second, eighth, and tenth Preliminary Objections constitute speaking demurrers.

PSP rejoins that PSP did not need a signed verification to appropriately submit its Preliminary Objections to the Amended Complaint, and its second and eighth Preliminary Objections are not speaking demurrers.[9]

**Rule 1705**

Rule 1705 provides, in relevant part: "Issues of fact with respect to the [c]lass [a]ction [a]llegations may not be raised by preliminary objections[,] but shall be raised by the answer."  Pa.R.Civ.P. 1705.  Here, Petitioner alleged in the Amended Complaint: "[Petitioner] has the time and resources to prosecute this

---

[9] Although PSP filed an Answer to Petitioner's Preliminary Objections to PSP's Preliminary Objections, wherein it denied all of Petitioner's Preliminary Objections to its Preliminary Objections, PSP only addressed two of them in its brief.

15

action and **has retained qualified counsel** who have [sic] had experience in matters involving the rights of insureds and both state and federal court litigation. [Petitioner] intends to prosecute this action for the benefit of the [c]lass." Amended Complaint ¶ 53 (emphasis added). PSP avers in its Preliminary Objections: "Class counsel in this case, [Kannebecker,] is not competent to represent [Petitioner] in this matter because he committed legal malpractice against [Mack] in the events preceding, and leading up to, this litigation." PSP Prelim. Objs. ¶ 18. Because "[i]ssues of fact with respect to class action allegations may not be raised by preliminary objections[,] but instead should be set forth in an answer[,]" the preliminary objection thereto is sustained and paragraph 18 of PSP's Preliminary Objections is stricken. *Kempf v. Dep't of Pub. Welfare*, 471 A.2d 125, 128 (Pa. Cmwlth. 1984).

### Scandalous or Impertinent Matter

Rule 1028(a) provides: "Preliminary objections may be filed by any party to any pleading and are limited to the following grounds: . . . . (2) failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter[.]" Pa.R.Civ.P. 1028(a). Petitioner contends the above-quoted paragraph 18 of PSP's Preliminary Objections includes scandalous or impertinent matter. However, because this Court has already stricken paragraph 18 of PSP's Preliminary Objections, Petitioner's Preliminary Objection on that basis is moot.

### Verification

Petitioner first argues that the above-quoted paragraph 18 of PSP's Preliminary Objections contains facts outside of the record and, therefore, requires a verification. Because this Court has already stricken paragraph 18 of PSP's Preliminary Objections, this Preliminary Objection thereto is moot.

16

Petitioner next declares that in paragraph 62 of PSP's Preliminary Objections, PSP averred: "[Petitioner] failed to pursue his appropriate available remedy to challenge such subrogation of the [WC] Act through the appropriate administrative process with the [w]orkers' [c]ompensation appeals system." PSP Prelim. Objs. ¶ 62. Petitioner asserts that because this allegation contains a fact not appearing of record, PSP was required to provide a verification as to this assertion.[10] This Court agrees. Accordingly, because a verification was required for this averment, and was not provided,[11] Petitioner's Preliminary Objection thereto is sustained, and paragraph 62 of PSP's Preliminary Objections is stricken.

Petitioner further contends that paragraphs 24, 67, and 68 of PSP's Preliminary Objections require a verification because each paragraph contains allegations that PSP paid workers' compensation benefits and/or denies that PSP paid H&L benefits. Petitioner maintains that he expressly alleged in Amended Complaint paragraph 24 that PSP paid Petitioner H&L benefits, notwithstanding PSP's Letter demanding reimbursement characterizing their payments as workers' compensation benefits. PSP rejoins that Amended Complaint paragraphs 118, 120, and Exhibit A (the Letter) contain facts upon which paragraphs 24, 67, and 68 of PSP's Preliminary Objections are based.

PSP's Preliminary Objections provide, in relevant part:

24. In this case, PSP maintained and preserved its right to subrogation of amounts paid to [Petitioner] under the [WC Act], as pr[e]scribed by Section 1720 [of the Vehicle Code, 75 Pa.C.S. § 1720].

. . . .

---

[10] PSP did not respond to this assertion.

[11] Although PSP could have asked this Court for leave to file amended preliminary objections containing said verification, *see, e.g.*, *Allentown Sch. Dist.*, it did not do so.

67. PSP, through contracted counsel, sent [Petitioner's] counsel a [L]etter correspondence on March 19, 2020, in an effort to exercise its subrogation rights for monies paid under the [WC Act] - not the [H&L] Act - as evidenced by Exhibit A to the [Amended] Complaint.

68. In this case, PSP exercised its right of subrogation of monies paid to [Petitioner] under the [WC Act] via [the L]etter sent on March 19, 2020.

PSP Prelim. Objs. ¶¶ 24, 67, 68.

In the Amended Complaint, Petitioner alleged:

118. By way of example of [Respondents'] actions and not in limitation, by [L]etter dated March 19, 2020, . . . [Attorney] Newman, counsel for [Respondents] wrote to counsel for [Petitioner] asserting a lien for the monies paid to [Petitioner] pursuant to the [H&L] Act. A true and correct copy of the March 19, 2020[] [L]etter[,] is attached hereto and marked Exhibit "A".

. . . .

120. [Petitioner], based on [Respondents'] demands, thereafter made payment of $20,826.58 to [Inservco], for the benefit of [PSP], on the basis of the assertion of the lien of [H&L] benefits paid.

Amended Complaint ¶¶ 118, 120. The Letter, which is an exhibit to the Amended Complaint, expressly referenced "Section 319 of the [WC Act.]" Amended Complaint Ex. A. Because the Letter specifically referred to a subrogation lien pursuant to the WC Act, paragraphs 24, 67, and 68 of PSP's Preliminary Objections do not contain facts outside of the record. Accordingly, because a verification was not required, this Preliminary Objection is overruled.

Finally, Petitioner argues that paragraphs 75 and 76 of PSP's Preliminary Objections require a verification because both assert that Petitioner

failed to object either at the time of receipt of the Letter or at the time of payment.[12] Specifically, PSP alleges in its Preliminary Objections:

> 75. [Petitioner] acknowledged that he made a payment to [Respondents], without objection, in response to the March 19, 2020 subrogation [L]etter. [Amended Complaint] ¶ 28.[13]
>
> 76. [Petitioner] failed to object to this payment of [Respondents'] subrogation claim at any time - either at the time of receipt of the letter or at [the] time of payment.

PSP Prelim. Objs. ¶¶ 75, 76. Because it cannot reasonably be inferred from Petitioner's averment that he paid the lien without objection, a verification was required for the above-quoted allegations. Accordingly, because a verification was required, but was not provided, Petitioner's Preliminary Objection is sustained, and paragraphs 75 and 76 of PSP's Preliminary Objections are stricken.

## Laches

Petitioner argues that in PSP's ninth Preliminary Objection, it alleges Petitioner's Amended Complaint must be dismissed under the doctrine of laches. Petitioner contends that "laches is purely an equitable doctrine which cannot be asserted in an action at law."[14] *Graybill v. Juniata Cnty. Sch. Dist.*, 347 A.2d 524, 525 (Pa. Cmwlth. 1975); *see also Christiansen v. Ely*, 838 A.2d 630, 638 (Pa. 2003) ("The doctrine of laches is an equitable doctrine[]" and not a defense available in actions at law.) (quoting *Roboski v. Fink*, 669 A.2d 1017, 1017 (Pa. Super. 1996)). Accordingly, because this is an action at law, the preliminary objection is sustained, and PSP's ninth Preliminary Objection is stricken.

---

[12] PSP did not respond to this argument.

[13] Paragraph 28 of the Amended Complaint provides: "[Petitioner], based on [Respondents'] demands, thereafter made payment of $20,826.58 to [Inservco], for the benefit of [PSP], on the basis of the assertion of the lien of [H&L] benefits paid." Amended Complaint ¶ 28.

[14] PSP did not respond to this argument.

19

**Speaking Demurrers**

Petitioner first proclaims that sustaining PSP's second and eighth Preliminary Objections requires the aid of facts not appearing on the face of the Amended Complaint and alleges and/or assumes the existence of facts not already pled. Specifically, Petitioner declares that PSP's second and eighth Preliminary Objections require that this Court assume, contrary to Petitioner's pleadings, that Petitioner received workers' compensation benefits rather than H&L benefits. PSP rejoins that Petitioner made several factual averments concerning the Letter, i.e., Amended Complaint Exhibit A, and attached it to his pleading. As such, any and all facts raised therein, or which could be reasonably inferred therefrom, are proper for PSP to rely upon in the filing of its preliminary objections. Thus, PSP maintains that its second and eighth Preliminary Objections are proper and are not speaking demurrers.

PSP's second Preliminary Objection is a demurrer based on the fact that PSP did in fact have a right to subrogation based on any workers' compensation benefits paid to Petitioner, and PSP's eighth Preliminary Objection is a demurrer based on Petitioner's failure to exhaust administrative remedies under the WC Act.

As stated above, the Letter attached to the Amended Complaint expressly referenced "Section 319 of the [WC Act.]" Amended Complaint Ex. A. Because the Letter specifically referred to a subrogation lien pursuant to the WC Act, the references to workers' compensation benefits Petitioner received and/or available remedies under the WC Act do not require the aid of any facts not appearing on the face of the Amended Complaint or the attachment thereto. Thus, PSP's second and eighth Preliminary Objections are not speaking demurrers. *See Mobley*. Accordingly, Petitioner's Preliminary Objection to PSP's second and eighth Preliminary Objections is overruled.

20

Petitioner further claims that PSP's tenth Preliminary Objection requires this Court to assume the fact that Petitioner did not object to the payment of PSP's subrogation lien and should grant its tenth Preliminary Objection on the basis of that assumption.[15] As stated above, because it cannot be reasonably inferred from Petitioner's averment that Petitioner paid the lien without objection, PSP's tenth Preliminary Objection "suppl[ies] facts missing from the [Amended Complaint] [and thus] makes the preliminary objection . . . an impermissible 'speaking demurrer.'" *Mobley*, 65 A.3d at 1053 (quoting *Stilp*, 910 A.2d at 791). Accordingly, Petitioner's Preliminary Objection is sustained, and PSP's tenth Preliminary Objection is stricken.

### III. Additional Respondents' Preliminary Objections to Inservco's Joinder Complaint

Additional Respondents object to the Joinder Complaint, alleging: (1) Inservco does not have standing to sue the Additional Respondents (demurrer); (2) a demurrer to Count I - Negligence of Inservco's Joinder Complaint; (3) a demurrer to Count II - Breach of Contract of Inservco's Joinder Complaint; (4) a demurrer to Count III - Breach of Fiduciary Duty of Inservco's Joinder Complaint; and (5) Inservco's allegations of punitive damages, misrepresentation, and intentional, voluntary, willful, wanton, dishonest, fraudulent, deceitful, and reckless conduct must be stricken. Inservco rejoins that Pennsylvania courts permit a third-party action against a plaintiff's attorney if the attorney's breach of duty or other obligations, rather than the joining defendant's conduct, caused the plaintiff's alleged harm. *See Somers v. Gross*, 574 A.2d 1056 (Pa. Super. 1990); *see also* Pa.R.Civ.P. 2252(a) (allowing joinder of a third party as an additional defendant on

---

[15] PSP did not reply to this claim.

21

the basis that the joined party may be solely liable to the plaintiff on the underlying cause of action).

Inservco maintains that its Joinder Complaint satisfies the requisites of Rule 2252(a), as it alleges that Kannebecker, not Inservco, was the perpetrator of Petitioner's alleged injuries and is liable for Petitioner's financial harm. Inservco declares that its allegations against Kannebecker, which are based upon his advice to pay or reimburse the subrogation lien, are undeniably related to Petitioner's original claim against Inservco for allegedly asserting and seeking payment thereof, and to the financial loss caused by such payment. Inservco asserts that Petitioner's alleged harm arises from the same occurrences, regardless of the specific theories of liability against Inservco and Kannebecker.

**Standing**

Rule 2252(a) provides, in relevant part:

Except as provided by Rule 1706.1, **any party may join as an additional defendant any person not a party to the action who may be**

(1) **solely liable on the underlying cause of action against the joining party**, or

. . . .

(2) liable to or with the joining party on any cause of action arising out of the transaction or occurrence or series of transactions or occurrences upon which the underlying cause of action against the joining party is based.

. . . .

The joinder of an additional defendant in a class action is limited by Rule 1706.1 to the grounds set forth in that rule.[16]

---

[16] Rule 1706.1 states:

22

Pa.R.Civ.P. 2252(a) (emphasis added). "So long as the additional defendant's alleged liability is related to the original claim which plaintiff asserts against the original defendant, the third[-]party complaint is within bounds." *Incollingo v. Ewing*, 282 A.2d 206, 221 (Pa. 1971);[17] *see also Gen. State Auth. v. Sutter Corp.*, 452 A.2d 75 (Pa. Cmwlth. 1982); *Gen. State Auth. v. Coleman Cable & Wire Co.*, 377 A.2d 1291, 1293 (Pa. Cmwlth. 1977) ("This liberalization of the rules governing joinder of additional defendants has resulted in the practice of permitting joinder whenever the alleged liability of the additional defendant is related to the claim of the original plaintiff."); *Somers*, 574 A.2d at 1061 ("[Rule 2252(a)] permits this joinder and we are not free to disregard the express language of the [R]ule.").

Additional Respondents argue that Inservco's Joinder Complaint does not assert a claim in which it has a substantial, direct, and immediate interest. Specifically, Additional Respondents assert that since Inservco's claim is based on Petitioner's attorney-client relationship with Kannebecker, to which Inservco was not a party, Inservco does not have an interest in Petitioner's rights or remedies

---

> **Any defendant** or additional defendant **may only join as an additional defendant any person not a party to the action**, or may assert a cross-claim against another party to the action, who may be
>
> (1) **solely liable on the plaintiff's cause of action**, or
>
> (2) liable over to the joining party on the plaintiff's cause of action, or
>
> (3) jointly or severally liable with the joining party on the plaintiff's cause of action.
>
> *Note:* The right of joinder under Rule 1706.1 of an additional defendant based upon liability "on the plaintiff's cause of action" is not as broad as the right under Rule 2252(a) governing the joinder of additional defendants generally.

Pa.R.Civ.P. 1706.1 (emphasis added).

[17] *Incollingo* was abrogated on other grounds by *Kaczkowski v. Bolubasz*, 421 A.2d 1027 (Pa. 1980).

23

against Kannebecker arising from the relationship. Further, Additional Respondents declare that Inservco does not have a direct interest in the resolution of any claims based on Petitioner's attorney-client relationship with Kannebecker. Inservco rejoins that, rather than alleging that Kannebecker caused Inservco harm, the Joinder Complaint alleges that Kannebecker's conduct, not Inservco's, caused Petitioner's harm. This Court agrees with Inservco.

> Here, as in *Somers*,
>
> [Inservco] filed a [J]oinder [C]omplaint in which [it] sought to join [Petitioner's] attorney, [Kannebecker], as an [A]dditional [Respondent]. The [J]oinder [C]omplaint alleged that [Petitioner] had in fact relied on the advice of [his] attorney, not o[n] the [Letter], in regard to [the payment of the subrogation lien]. Therefore, any loss [Petitioner] had incurred as a result of [his payment of the lien] was the result of [Petitioner's] attorney's [simple and] professional negligence. The [J]oinder [C]omplaint allege[s] that [Petitioner's] attorney[, Kannebecker,] was solely liable to [Petitioner] on the cause of action [he] had pled in the[] [Amended] [C]omplaint. It did not allege that [Petitioner's] attorney[, Kannebecker,] was liable over to [Inservco], nor did it allege that [Petitioner's] attorney[, Kannebecker,] was jointly or severally liable with [Inservco].

*Somers*, 574 A.2d at 1057. Inservco's claims directly relate to the cause of Petitioner's harm. Because "[Kannebecker's] alleged liability is related to the original claim which [Petitioner] asserts against [Inservco], the third[-]party complaint is within bounds." *Incollingo*, 282 A.2d at 221. Accordingly, Inservco has standing, and Additional Respondents' Preliminary Objection on that basis is overruled.

### Count I – Negligence

Additional Respondents declare that Inservco asserts both simple negligence and professional negligence/malpractice against Kannebecker, and

24

Inservco cannot sustain either theory even if the factual averments in its Joinder Complaint are accepted as true. Specifically, Additional Respondents assert that because they did not owe Inservco any duty and/or were not in an attorney-client relationship with Inservco, Inservco cannot make out its claims. Inservco retorts that Additional Respondents again overlook the fact that the Joinder Complaint is based on Petitioner's claims, not Inservco's claims.

In the Joinder Complaint, Inservco alleges that "[a]t all times material, Kannebecker and/or Law Offices breached its/their duty of care to [Petitioner], acting negligently, carelessly and/or recklessly[,]" Joinder Complaint ¶ 23, then specifies the purported negligent conduct, *see id*. at (a)-(mm), and adds that, "[a]s a direct and proximate result of the negligence, carelessness and [r]ecklessness of Kannebecker and/or Law Offices, [Petitioner] suffered the alleged actual loss." Joinder Complaint ¶ 25.

> Given the clear language of [Rule 2252(a)], and the principle of broad construction which we are required to apply, we find that the joinder sought by [Inservco] in the instant case is unmistakably permitted by [Rule 2252(a)]. [Rule 2252(a)] permits joinder of any person "who may be alone liable . . . on the cause of action declared upon by the plaintiff . . . [.]" [*Former* Pa.R.Civ.P. 2252(a).[18]] This is precisely the type of joinder sought by [Inservco] when [it] sought to join [] attorney [Kannebecker] on the single theory that he *alone* was liable *to* [*Petitioner*] for [simple and] professional negligence which resulted in the asserted

---

[18] According to the 1990 Comment thereto, present Rule 2252(a)

> clearly sets forth the four bases for joinder in a more readable fashion. These bases of joinder are (1) sole liability to the plaintiff, (2) liability over to the defendant on the plaintiff's cause of action, (3) joint or several liability with the joining party on the plaintiff's cause of action and (4) liability to defendant on a cause of action arising out of the transaction or occurrence upon which plaintiff's action is based.

*Id*.

harm to [Petitioner] . . . . Since the allegations of the [J]oinder [C]omplaint do not include any allegation that [] attorney [Kannebecker] is liable to [Inservco], but only that he is liable to [Petitioner], whether Pennsylvania law permits third[-]party professional negligence suits against attorneys is irrelevant. [Inservco is] not alleging that [Petitioner's] attorney is liable to [Inservco].

*Somers*, 574 A.2d at 1058. Accordingly, because it does not "appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain" the Preliminary Objection, this Preliminary Objection is overruled. *Torres*, 997 A.2d at 1245.

## Count II- Breach of Contract

Additional Respondents argue that, even if Inservco's factual allegations are accepted as true, Inservco does not allege facts sufficient to establish the first element in its breach of contract claim against Additional Respondents - the existence of a contract. Further, Additional Respondents contend that Inservco cannot sustain its breach of contract claim because it did not incur damages as a result of the alleged breach; to the contrary, Inservco was enriched by Additional Respondents' allegedly improper payment against the illegal subrogation lien. Inservco retorts that it has adequately identified and pled Kannebecker's fee agreement with Petitioner, together with express and implied covenants of good faith and fair dealing. Inservco further rejoins that it properly joined Kannebecker as *alone liable* for Petitioner's damages and pled that Kannebecker's breach of contract and the covenant of good faith and fair dealing resulted in Petitioner's claimed harm.

Inservco avers in the Joinder Complaint:

27. The aforementioned conduct of Kannebecker and/or Law Offices constitutes a breach of the fee and other agreements, and the covenant of good faith and fair dealing, express, implied, and as a matter of law.

26

28. As a direct and proximate result of the aforesaid breach of the agreement, [Petitioner] allegedly has been damaged.

Joinder Complaint ¶¶ 27-28.

> [I]n examining the duty of good faith, we begin by noting that [Pennsylvania] has accepted the principle in *Restatement (Second) of Contracts* § 205 [(Am. Law Inst. 1981)] that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *Kaplan v. Cablevision of PA, Inc.*, . . . 671 A.2d 716, 721-22 ([Pa. Super.] 1996). Pennsylvania courts impose a general duty of good faith performance on each party in general commercial contracts.

*John B. Conomos, Inc. v. Sun Co., Inc. (R&M)*, 831 A.2d 696, 705-06 (Pa. Super. 2003). Thus, Petitioner can bring a breach of contract claim against Additional Respondents based on the parties' fee agreement.

Clearly, the gravamen of Petitioner's action against Inservco and Inservco's Joinder Complaint against Additional Respondents are the same. Despite that Petitioner's action against Inservco alleges intentional torts and Count II of Inservco's Joinder Complaint against Additional Respondents alleges breach of contract, Petitioner alleges he "made payment" as a result of the subrogation lien, Amended Complaint ¶ 28, and the Joinder Complaint alleges Petitioner "provided payment" as a result of the subrogation lien, Joinder Complaint ¶ 15; and Petitioner's action alleges harm in the form of "the loss of [Petitioner's] money which was paid," Amended Complaint ¶ 35, and the Joinder Complaint alleges harm in the form of "actual loss" of money paid. Joinder Complaint ¶ 25. The transactions involved and the evidence pertinent thereto are the same in time and nature. *See Somers*. Accordingly, because it does not "appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain" the Preliminary Objection, this Preliminary Objection is overruled. *Torres*, 997 A.2d at 1245.

27

## Count III – Breach of Fiduciary Duty

Additional Respondents argue that Inservco's Joinder Complaint does not allege any facts that would enable it to establish that Inservco had a fiduciary relationship or confidential relationship with Additional Respondents. Instead, Inservco only alleges that Petitioner and Additional Respondents were in a fiduciary relationship. Inservco rejoins that it is only required to, and did, allege that Additional Respondents and Petitioner had a fiduciary relationship.

Inservco alleges in the Joinder Complaint:

30. [Petitioner] and Kannebecker / Law Offices were in a fiduciary relationship.

31. The aforementioned conduct of Kannebecker and/or Law Offices constitutes a breach of that fiduciary relationship.

32. As a direct and proximate result of the aforesaid breach of fiduciary duty, [Petitioner] allegedly has been damaged.

Joinder Complaint ¶¶ 30-32.

"It is axiomatic that an attorney who undertakes representation of a client owes that client both a duty of competent representation and the highest duty of honesty, fidelity, and confidentiality." *Cap*[.] *Care Corp. v. Hunt*, 847 A.2d 75, 84 (Pa. Super. 2004). Such duty demands undivided loyalty and prohibits the attorney from engaging in conflicts of interest, and [a] breach of such duty is actionable. *Maritrans GP, Inc. v. Pepper, Hamilton & Scheetz*, . . . 602 A.2d 1277, 1283 ([Pa.] 1992).

*Kirschner v. K & L Gates LLP*, 46 A.3d 737, 757 (Pa. Super. 2012). Thus, Petitioner could bring a breach of fiduciary duty claim against Additional Respondents.

Clearly the gravamen of Petitioner's action against Inservco and of the Joinder Complaint against Additional Respondents are the same. Despite that Petitioner's action against Inservco alleges intentional torts and Count III of

28

Inservco's Joinder Complaint alleges breach of fiduciary duty against Additional Respondents, Petitioner's action alleges Petitioner "made payment" as a result of the subrogation lien, Amended Complaint ¶ 28, and the Joinder Complaint alleges Petitioner "provided payment" as a result of the subrogation lien, Joinder Complaint ¶ 15; and Petitioner's action alleges harm in the form of "the loss of [Petitioner's] money which was paid," Amended Complaint ¶ 35, and the Joinder Complaint alleges harm in the form of "actual loss" of money paid. Joinder Complaint ¶ 25. The transactions involved and the evidence pertinent thereto are the same in time and nature. *See Somers*. Accordingly, because it does not "appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain" the Preliminary Objection, this Preliminary Objection is overruled. *Torres*, 997 A.2d at 1245.

**Punitive Damages**

Additional Respondents argue that the Joinder Complaint makes only non-specific blanket allegations without factual bases for Additional Respondents' purported misrepresentation, and intentional, voluntary, willful, wanton, reckless, fraudulent, dishonest, and deceitful actions. Additional Respondents contend that when those unfounded allegations are appropriately disregarded, the Joinder Complaint fails to describe *outrageous* conduct necessary to enable Inservco to recover punitive damages. Additional Respondents declare that the language in paragraphs 15, 17, 20, 23, and 25 do not support Inservco's demand for punitive damages and must be stricken, along with its prayers for punitive damages. Inservco rejoins that it adequately pled the requisite facts supporting the type of deliberate actions and conduct and conscious wrongdoing required for a punitive damages claim against Additional Respondents under Pennsylvania law.

29

The Pennsylvania Supreme Court has explained:

This [Supreme] Court has adopted Section 908(2) of the *Restatement (Second) of Torts* regarding the imposition of punitive damages. That provision permits punitive damages for conduct that is "outrageous because of the defendant's evil motives or his reckless indifference to the rights of others." *Restatement (Second) of Torts* § 908(2) ("([Am. Law Inst.] 1977). *See Feld v. Merriam*, . . . 485 A.2d 742 ([Pa.] 1984); *Chambers v. Montgomery*, . . . 192 A.2d 355 ([Pa.] 1963). A court may award punitive damages only if the conduct was malicious, wanton, reckless, willful, or oppressive. *Chambers*, . . . 192 A.2d at 358. The proper focus is on "the act itself together with all the circumstances including the motive of the wrongdoer and the relations between the parties. . . ." . . . [*Chambers*,] 192 A.2d at 358. In addition, the actor's state of mind is relevant. The act or omission must be intentional, reckless, or malicious.

*Rizzo v. Haines*, 555 A.2d 58, 69 (Pa. 1989) (italics added).

Inservco alleges in the Joinder Complaint:

15. During the course of legal representation of [Petitioner], on or about May 5, 2020, Kannebecker and/or Law Offices **voluntarily and intentionally provided payment** or reimbursement in the amount of $8,191.84 to [Attorney Newman], counsel for PSP. *See* Kannebecker and Law Offices' May 5, 2020 letter with enclosure, attached as Exhibit "B".

. . . .

17. At no time during the ensuing seventeen months between providing payment or reimbursement to [Attorney] Newman on or about May 5, 2020[,] and commencement of this civil action against PSP and Inservco on or about October 14, 2021[,] did [Petitioner], Kannebecker and/or Law Offices raise any concern or objection to making the repayment or reimbursement or demand repayment of the payment voluntarily and intentionally made by [Petitioner], Kannebecker and/or Law Offices.

. . . .

20. Kannebecker and/or Law Offices acted **intentionally**, **willful** [sic] **and/or wantonly in [] providing repayment** or reimbursement and caused or contributed to [Petitioner's] alleged harm.

. . . .

23. At all times material, Kannebecker and/or Law Offices breached its/their duty of care to [Petitioner], acting negligently, carelessly and/or recklessly and in the following regards, respectively:

. . . .

(o) **Fraudulently and/or deceitfully** and without basis in law allowing, encouraging and/or making repayment or reimbursement;

. . . .

(ee) Engaging in conduct that involves **dishonesty**, **fraud**, **deceit and misrepresentation**;

. . . .

25. As a direct and proximate result of the negligence, carelessness and [r]ecklessness of Kannebecker and/or Law Offices, [Petitioner] suffered the alleged actual loss.

Joinder Complaint ¶¶ 15-25 (emphasis added).

In support of these allegations, Inservco avers:

12. [Petitioner] made and/or pursued a claim against PSP for [b]enefits as a result of injuries sustained in the [a]ccident.

13. [Petitioner] received [b]enefits from PSP.

14. Kannebecker and/or Law Offices settled [Petitioner's] claims against the underlying [a]ccident tortfeasor.

15. During the course of legal representation of [Petitioner], on or about May 5, 2020, Kannebecker and/or Law Offices voluntarily and intentionally provided

payment or reimbursement in the amount of $8,191.84 to [Attorney Newman], counsel for PSP. *See* Kannebecker and Law Offices' May 5, 2020 letter with enclosure, attached as Exhibit "B".

16. At no time prior to May 5, 2020[,] did [Petitioner], Kannebecker and/or Law Offices raise any concern or objection to repayment or reimbursement to PSP or Inservco.

. . . .

18. During the course of Kannebecker and/or Law Offices' legal representation [of Petitioner] in the personal injury matter arising from the [a]ccident, Kannebecker and/or Law Offices knew, or in the exercise of reasonable care should have known, of the alleged impropriety, illegality and/or unlawfulness of repayment or reimbursement to PSP or Inservco, as alleged by [Petitioner] in this lawsuit brought by Kannebecker and/or Law Offices against PSP and Inservco.

Joinder Complaint ¶¶ 11-18. Inservco further pled supporting facts in paragraphs 23 through 25 and by attaching a Certificate of Merit.

Accepting Inservco's allegations as true and all inferences reasonably deduced therefrom, as we must, because it does not "appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain" the Preliminary Objection, this Preliminary Objection is overruled. *Torres*, 997 A.2d at 1245.

## IV. Inservco's Motion to Disqualify Additional Respondents as Counsel for Petitioner

Inservco argues that because it joined Additional Respondents, Additional Respondents must withdraw as counsel for Petitioner. Additional Respondents rejoin that a disciplinary violation under Pennsylvania Rules of Professional Conduct (Rules of Professional Conduct) 3.7, 4.2, or 8.4 is not sufficient to require Kannebecker's disqualification as Petitioner's counsel.

Additional Respondents further retort that Inservco's Disqualification Motion should be denied because it is a litigation tactic intended to create hardship for Petitioner, and an abuse of the disqualification process.

Rule of Professional Conduct 3.7 provides:

(a) **A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless**:
(1) the testimony relates to an uncontested issue;

(2) **the testimony relates to the nature and value of legal services rendered in the case**; or

(3) disqualification of the lawyer would work [a] substantial hardship on the client.

(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule [of Professional Conduct] 1.7 [(relating to conflicts of interest)] or Rule [of Professional Conduct] 1.9 [(relating to duties to former clients)].

Pa.R.P.C. 3.7 (emphasis added). Explanatory Comment 1 to Rule of Professional Conduct 3.7 warns: "Combining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client." *Id.* Explanatory Comment 2 to Rule of Professional Conduct 3.7 dictates:

The tribunal has proper objection when the trier of fact may be confused or misled by a lawyer serving as both advocate and witness. **The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation**. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

33

*Id.* (emphasis added). Finally, Explanatory Comment 4 to Rule of Professional Conduct 3.7 expounds:

> Apart from these two exceptions, paragraph (a)(3) recognizes that **a balancing is required between the interests of the client and those of the tribunal and the opposing party**. Whether the tribunal is likely to be misled or the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses. Even if there is risk of such prejudice, **in determining whether the lawyer should be disqualified**, **due regard must be given to the effect of disqualification on the lawyer's client**. It is relevant that one or both parties could reasonably foresee that the lawyer would probably be a witness.

*Id.* (emphasis added).

Rule of Professional Conduct 4.2 states:

> **Communication with Person Represented by Counsel**
>
> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

Pa.R.P.C. 4.2. Explanatory Comment 1 to Rule of Professional Conduct 4.2 provides:

> This Rule contributes to the proper functioning of the legal system by protecting a person who has chosen to be represented by a lawyer in a matter against possible overreaching by other lawyers who are participating in the matter, interference by those lawyers with the client-lawyer relationship and the uncounselled disclosure of information relating to the representation.

*Id.* Rule of Professional Conduct 8.4(d) declares: "It is professional misconduct for a lawyer to: . . . (d) engage in conduct that is prejudicial to the administration of justice[.]" Pa.R.P.C. 8.4(d).

The Pennsylvania Superior Court has explained:

> [**D**]**isqualification of counsel is a serious remedy that the court should use only when due process so requires**. In *McCarthy v. Southeastern Pennsylvania Transportation Authority*, 772 A.2d 987 (Pa. Super. 2001), we elaborated:
>
>> In *Commonwealth v. Lambert*, 765 A.2d 306 (Pa. Super. 2000), this Court . . . stated that a trial court may sanction, warn or recommend disciplinary action against an attorney who has violated a Rule of Professional Conduct. *Lambert*, 765 A.2d at 345-46. Although disqualification and removal is an appropriate sanction in some cases, **it is a serious remedy 'which must be imposed with an awareness of the important interests of a client in representation by counsel of the client's choice**.' *Slater v. Rimar, Inc.*, . . . 338 A.2d 584, 590 ([Pa.] 1975) . . . .
>>
>> **A court's authority to disqualify counsel based on Rules of Professional Conduct is limited**. In *In re Estate of Pedrick*, . . . 482 A.2d 215 ([Pa.] 1984), our Supreme Court stated that 'this [C]ourt has held in several cases that counsel can be disqualified for violations of the [Rules of Professional Conduct] where disqualification is needed **to [e]nsure the parties receive the fair trial which due process requires**.' *Pedrick*, 482 A.2d at 221 (emphasis added). Our Supreme Court continued:
>>
>>> Thus, while it may be appropriate under certain circumstances for trial courts to enforce the Code of Professional Responsibility by disqualifying counsel[ ]or otherwise restraining his participation or conduct in litigation before them in order to protect the rights of litigants to a fair trial, we are not inclined to extend that enforcement power and allow our trial courts

35

themselves to use the Canons to alter substantive law or to punish attorney misconduct.

*Id*. In addition, our Supreme Court, in *Reilly by Reilly v.* [*Southeastern Pennsylvania Transportation Authority*], . . . 489 A.2d 1291 ([Pa.] 1985), limited the authority of both trial and appellate courts to sanction counsel for violations of the Rules of Professional Conduct as follows:

> Perceived violations of [the Rules of Professional Conduct] do not permit the trial courts or the intermediate appellate courts to alter the rules of law, evidentiary rules, presumptions or burdens of proof. More importantly, violations of those [c]odes are not a proper subject for consideration of the lower courts to impose punishment for attorney or judicial misconduct.

> \* \* \* \* \* \*

> [W]e have not abdicated or delegated any of our supervisory authority in enforcing these standards of conduct to the Superior Court. To presume that the [c]ode or its alleged violations can be reviewed by any tribunal other than those we authorize is a misapprehension of the purpose of the [c]ode, and is seen as an impermissible meddling into the administrative and supervisory functions of this [Superior] Court over the entire judiciary.

*Id*. at 991-92 . . . .

*Sutch v. Roxborough Mem'l Hosp.*, 151 A.3d 241, 254-55 (Pa. Super. 2016) (additional emphasis added).

Because "disqualification of counsel is a serious remedy that the [C]ourt should use only when due process so requires," and it cannot be determined at this early stage in the proceedings whether "disqualification is needed to [e]nsure the parties receive the fair trial which due process requires[,]" *Sutch*, 151 A.3d at

36

255, this Court denies Inservco's Motion to Disqualify, without prejudice, for Inservco to raise it again at the time of trial.

For all of the above reasons, Petitioner's Preliminary Objections to Inservco's Preliminary Objections to the Amended Complaint are sustained in part and overruled in part. Specifically, Petitioner's First Preliminary Objection to Inservco's Preliminary Objections is sustained - footnote one (to paragraph two) of Inservco's Preliminary Objections is stricken, and paragraphs 20, 27, and 64 of Inservco's Preliminary Objections are stricken. Petitioner's Second Preliminary Objection to Inservco's second and seventh Preliminary Objections is sustained in part - Inservco's second Preliminary Objection is stricken, and Petitioner's Preliminary Objection to Inservco's seventh Preliminary Objection is overruled.

Petitioner's Preliminary Objections to PSP's Preliminary Objections to the Amended Complaint are sustained in part and overruled in part. Specifically, Petitioner's first Preliminary Objection to PSP's Preliminary Objections to the Amended Complaint is sustained - paragraph 18 of PSP's Preliminary Objections is stricken. Petitioner's second Preliminary Objection to PSP's Preliminary Objections to the Amended Complaint is moot. Petitioner's third Preliminary Objection to PSP's Preliminary Objections to the Amended Complaint is sustained in part - paragraphs 62, 75 and 76, of PSP's Preliminary Objections are stricken. Petitioner's fourth Preliminary Objection to PSP's Preliminary Objections is sustained - PSP's ninth Preliminary Objection is stricken. Petitioner's fifth Preliminary Objection to PSP's Preliminary Objections is sustained in part - PSP's tenth Preliminary Objection is stricken.

Kannebecker's Preliminary Objections to Inservco's Joinder Complaint are overruled, and Inservco's Motion to Disqualify is denied without prejudice for Inservco to refile at the time of trial.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Stephanie Mack, as<br>Administratrix of the Estate<br>of Decedent, Martin Mack, Individually<br>and on behalf of a Class of Similarly<br>Situated Individuals, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Pennsylvania State Police, and<br>Inservco Insurance Services, Inc.,<br>Respondents | : | |
| | : | |
| v. | : | |
| | : | |
| Charles Kannebecker, Esquire and<br>Law Offices of Charles Kannebecker,<br>Additional Respondents | : | No. 9 M.D. 2021 |

## O R D E R

AND NOW, this 28th day of July, 2022, Martin Mack's, individually and on behalf of a class of similarly situated individuals (Petitioner), Preliminary Objections to Inservco Insurance Services, Inc.'s (Inservco) Preliminary Objections to Petitioner's First Amended Class Action Complaint (Amended Complaint) are sustained in part and overruled in part:

Petitioner's First Preliminary Objection to Inservco's Preliminary Objections is SUSTAINED - footnote one (to paragraph two) of Inservco's Preliminary Objections is STRICKEN, and paragraphs 20, 27, and 64 of Inservco's Preliminary Objections are STRICKEN.

Petitioner's Second Preliminary Objection to Inservco's Second and Seventh Preliminary Objections is SUSTAINED IN PART - Inservco's Second Preliminary Objection is STRICKEN, and Petitioner's Preliminary Objection to Inservco's Seventh Preliminary Objection is OVERRULED.

Petitioner's Preliminary Objections to the Pennsylvania State Police's (PSP) Preliminary Objections to the Amended Complaint are sustained in part and overruled in part:

Petitioner's First Preliminary Objection to PSP's Preliminary Objections to the Amended Complaint is SUSTAINED - paragraph 18 of PSP's Preliminary Objections is STRICKEN.

Petitioner's Second Preliminary Objection to PSP's Preliminary Objections to the Amended Complaint is MOOT.

Petitioner's Third Preliminary Objection to PSP's Preliminary Objections to the Amended Complaint is SUSTAINED IN PART - paragraphs 62, 75, and 76 of PSP's Preliminary Objections are STRICKEN.

Petitioner's Fourth Preliminary Objection to PSP's Preliminary Objections is SUSTAINED - PSP's Ninth Preliminary Objection is STRICKEN.

Petitioner's Fifth Preliminary Objection to PSP's Preliminary Objections is SUSTAINED IN PART - PSP's Tenth Preliminary Objection is STRICKEN.

Charles Kannebecker, Esquire's (Kannebecker), and Law Offices of Charles Kannebecker's (Law Offices) (collectively, Additional Respondents) Preliminary Objections to Inservco's Joinder Complaint are OVERRULED.

Inservco's Motion to Disqualify Additional Respondents as Counsel for Petitioner is DENIED without prejudice.

Upon consideration of the Praecipe for Substitution Pursuant to Pennsylvania Rule of Civil Procedure 2352 (Praecipe), filed with this Court on May 18, 2022, the Prothonotary is directed to change the caption in this matter to be reflected as set forth in this Order.

_____
ANNE E. COVEY, Judge